

**SO ORDERED.**
**SIGNED this 21st day of September, 2017**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

/s/ Nicholas W. Whittenburg
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                        CASE NO. 17-12548 NWW
BRANDON J GRIMES
    Debtor(s)                              CHAPTER 13

## ORDER CONFIRMING CHAPTER 13 PLAN

    The chapter 13 plan having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11 U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed;
2. If the plan provides for the surrender of property in which a creditor has an interest, whether as a lienholder or as a lessor, the automatic stay under 11 U.S.C. § 362 (a) is terminated upon entry of this order to allow the creditor to foreclose upon, repossess, or otherwise proceed *in rem* against that property;
3. Property of the estate does not vest in the debtor(s) until completion of the plan;
4. Attorney for the debtor(s) is awarded the fee set forth in the plan;
5. All pending objections to confirmation, if any, are resolved, withdrawn, or overruled.

###

Approved for Entry By:
/s/ Kara L. West
Kara L. West, Chapter 13 Standing Trustee
P.O. Box 511,
Chattanooga, TN 37401
(423) 265-2261

# LOCAL FORM 3015.1

# United States Bankruptcy Court
### Eastern District of Tennessee

In re   **Brandon J Grimes**                                                                Case No. _____
                            Debtor(s)                                                       Chapter   **13**

## CHAPTER 13 PLAN

☑ *Original*  ☐ *Amended*
*Dated:*   **June 6, 2017**

**1. Payments and Term.**          **$1179.00**
The debtor will pay the chapter 13 trustee ~~$950.00~~ bi-weekly for __60__ months by __wage order__ and the following additional monies:  __NONE__ .

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $ __3,750.00__ , less $ __0.00__ previously paid by the debtor.
(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim.

**3. Secured Claims.**
(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee at the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure amortization during the pendency of the confirmed plan. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| **Sheffield** | 2016 Kowasaki Motorcycle | In full $296.00 ~~$278.00~~ | | 7.25% |
| **Citizens** | 2013 Dodge Ram | In full $598.00 ~~$390.00~~ | | 7.25% |
| **BMW** | BMW Bike | In full $259.00 ~~$258.00~~ | | 7.25 |
| **State Farm Bank** | 2014 Nissan Sentra | In full $365.00 ~~$212.00~~ | | 7.25% |
| **Freedom Road Financial** | 2016 Polaris Slingshot | In full $524.00 ~~$497.00~~ | | 7.25% |

(b) *Surrender.* The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

*Creditor*                              *Collateral to Be Surrendered*

(c) *Long-Term Mortgages and Mobile Homes.* The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount of the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection.. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid, unless and until an objection is filed thereto, with the first available funds. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such plan payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor.  The secured creditor must be advised of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1.  Pursuant to 11 U.S.C. §1322(b)(3) and (10) all maintenance payments shall be deemed current upon the conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to 11 U.S.C. §1322(b)(5). Pursuant to 11 U.S.C. §1322(b)(3), any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| *Creditor* | *Estimated Arrearage* | *Arrearage Interest Rate* | *Arrearage Monthly Payment* | *Maintenance Payment* | *Payment By: (Trustee or Debtor)* |
|---|---|---|---|---|---|

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: __100__ %.

(b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid as ordered by the court.

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

*Other Party to Contract*          *Property Description and Treatment by Debtor*
-NONE-

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)


**7. Liens to be avoided under §§ 506 or 522 (f).**   Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

/s/ Amelia C. Roberts BPR#
Amelia C. Roberts BPR# 022555
Conner & Roberts, PLLC
4115 North Terrace
Chattanooga, TN 37411
(423) 266-2144 Telephone
(423) 266-2161 Facsimile
aroberts@conner-roberts.com